**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricardo R Hinojos, | No. CV-25-02567-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Richard Weir, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Ricardo Hinojos' Emergency Motion for Temporary Restraining Order ("TRO"), (Doc. 4), and several other motions: an application to proceed in forma pauperis ("IFP"), (Doc. 2); a motion for entry of default under Rule 55(a), (Doc. 14); a motion for judicial notice, (Doc. 15); and an "Emergency Supplemental Brief," (Doc. 21). The Court rules as follows:

### A. IFP Application

Hinojos' IFP application, (Doc. 2), is denied as moot because Hinojos paid the filing fee on August 8, 2025. This payment, as well as the filing fee in another suit pending before the U.S. District Court for the Northern District of Texas, (Doc. 19 at 3), however, calls into question whether Hinojos' allegation of poverty in his IFP application was true.

"The federal *in forma pauperis* statute . . . allows an indigent litigant to commence a civil or criminal action in federal court without paying the administrative costs of proceeding with the lawsuit." *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *see* 28 U.S.C. § 1915. Section 1915 "protects against abuses of this privilege by allowing a district court

to dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Denton*, 504 U.S. at 27 (quotation marks omitted). If an "allegation of poverty was false, the suit [has] to be dismissed; the judge [has] no choice." *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002). Even if a filing fee is later paid, dismissal under § 1915(e)(2)(A) may still be warranted. *See Owlfeather-Gorbey v. Avery*, 119 F.4th 78, 84 (D.C. Cir. 2024). Nonetheless, "a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015).

In Hinojos' IFP application, he stated under penalty of perjury that he is "unable to pay the costs of these proceedings" and is "entitled to the relief requested." (Doc. 2 at 1.) "He basically claimed that he was too poor to pay the fee, and thus requested a waiver." *Peak v. Laborer's Union Loc. #1*, 2020 WL 1433825, at *2 (N.D. Ill. 2020). The form required him to not leave any box empty, but instead answer nonapplicable questions with "0" or "N/A," but he left many boxes empty. (*Compare* Doc. 2 at 1 (instructing Hinojos to "not leave any blanks"), *with id.* at 1–2 (leaving most boxes empty in section on sources of income).) Hinojos disclosed that he and his spouse own a 2024 BMW valued at $35,000 and a 2022 Audi valued at $25,000. (*Id.* at 3.)

Moreover, it is worth noting discrepancies between the IFP application Hinojos filed in an action in the Northern District of Texas (the "*Morales*" case) just over one month prior to his IFP application filed in this action. For example, although Hinojos stated in his *Morales* IFP application that he received almost $1000 per month in Social Security payments for his son, this was not included in the IFP application in this action. (*Compare id.* at 2, *with* Doc. 8, *Hinojos v. Morales*, 4:25-cv-0542-O-BP (N.D. Tex. June 11, 2025), at 2.) It may be that Hinojos no longer receives this income, but it was curiously omitted from the boxes showing the "Average monthly income amount during the past 12 months" in his IFP application in this action. (*See* Doc. 2 at 2.) Hinojos knew, from the *Morales* court's order denying his IFP application—which the Northern District of Texas issued several weeks before Hinojos filed suit here—that such income is "consistently

consider[ed] . . . in making IFP determination." (Doc. 11, *Hinojos v. Morales*, 4:25-cv-0542-O-BP (N.D. Tex. June 12, 2025), at 2.)

The *Morales* court also reasoned that Hinojos's "annual family income . . . [was] well above poverty level," so Hinojos had "the resources to pay the applicable fees." (*Id.* at 2.) In fact, had he not paid the filing fee in this action, Hinojos' IFP application in this Court would have similarly been denied, particularly in light of the newer model, expensive vehicles he and his spouse own. (Doc. 2 at 3.)

That likely would have been the end of this inquiry, had Hinojos not paid the filing fee in this action and in the *Morales* action on the same day, implying that he has the means to pay district court filing fees twice over. (*See* Doc. 19 at 3.) Furthermore, a recent filing suggests that he paid the filing fee to obtain a faster ruling on his motion for TRO. (Doc. 21 at 2 (stating that the "[f]ull $405 filing fee [was] paid, removing all procedural barriers").)

The circumstances in this case are suspect and warrant a hearing to determine whether Hinojos' allegation of poverty was untrue and made in bad faith, in light of his ability to pay the filing fee twice over, the discrepancies between the IFP application filed in this action and the one filed in the *Morales* case, and the indication in his filing that the filing fee was paid to get a quicker resolution. Accordingly, Hinojos must appear at a hearing on **Wednesday, September 3, 2025, at 11:00 AM,** and show cause why his action should not be dismissed under 28 U.S.C. § 1915(e)(2)(A) for an untrue allegation of poverty.

**B.     Motion for Default**

Concerning Hinojos' motion for entry of default, (Doc. 14), default is not proper. Because Hinojos filed his IFP application, summons were not issued, so no summons was served on any of the defendants. None of the defendants were thus required to appear in this case or respond. *See* Fed. R. Civ. P. 4(b) ("A summons . . . must be issued for each defendant to be served."); *id.* 12(a)(1)(A) (only requiring a defendant to answer a complaint after being served or waiving service). Accordingly, the motion for default is denied.

### C. Judicial Notice

As for Hinojos' motion for judicial notice, (Doc. 15), the motion was not made in connection with the Court's consideration of any pending motion and was not submitted with any other pending motion, including the motion for TRO. (*Compare id.*, *with* Doc. 10 (request for judicial notice filed in support of motion for TRO).) The Court's docket is not a repository for the parties' evidence. If exhibits are necessary and relate to a particular motion or pleading, they should be attached to the filing itself and should always be submitted with appropriate indications of the specific pleading, *see* Fed. R. Civ. P. 7(a), or type of brief (motion, response, reply), *see id.* 7(b); LRCiv 7.2, which they purport to support. Accordingly, the motion for judicial notice is denied.

### D. Emergency Supplemental Brief

Concerning Hinojos' "Emergency Supplemental Brief," (Doc. 21), the Court strikes the brief as an inappropriate attempt at serial briefing. Neither the Rules nor common practice permit a party to engage in serial briefing. Therefore, no supplements to pleadings or briefs may be filed without prior leave of the Court. Once a motion has been filed on an issue, subsequent motions or filings on the same issue will either be construed as an amended motion (rendering the earlier motion withdrawn) or, if the motion has already been ruled upon, construed as a motion for reconsideration on the earlier motion. Accordingly, if Hinojos intends to file an amended motion for a TRO, he must file a proper motion seeking that relief.

Relatedly, Hinojos is cautioned that future attempts to file meritless motions or documents, particularly if the document is filed in an attempt to prod the Court into taking action on his requests, (*see id.* at 5 (arguing the "[t]wenty-four days of silence . . . creates additional due process harm and enables continuing conspiracy" (emphasis omitted); Doc. 24 at 5 ("IMMEDIATE HEARING REQUESTED WITHIN 72 HOURS") (emphasis omitted)), will result in the Court striking the filing from the docket and may result in sanctions, including suspension of electronic filing privileges or declaring Hinojos a vexatious litigant. (*See* Doc. 13 at 1–2 (warning Hinojos that "misuse of the ECF system

will result in immediate discontinuation of [electronic filing] privilege and disabling of the password assigned to the party").) *See* 28 U.S.C. § 1927 (permitting courts to require a litigant to "satisfy personally . . . excess costs, expenses, and attorneys' fees reasonably incurred" where the litigant's conduct "so multiplies the proceedings in any case unreasonably and vexatiously"); *Williams v. Campbell*, 2023 WL 9051244, at *1 (D. Idaho 2023) ("The Court has broad discretion in implementing case management tools, especially in cases such as this one, where Plaintiff's litigation style—excessive in all respects—diminishes the Court's ability to adjudicate this case and timely adjudicate the other cases on its docket.").

This Court presides over more than 200 civil cases at any given time, and must manage its docket accordingly. The Court views attempts by any litigant to unnecessarily "cut the line" with extreme disfavor, as it infringes on the Court's management of its limited resources and is unfair to other litigants who wait patiently for resolution of the issues they present to the Court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (noting "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the [court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); *Spam Arrest, LLC v. Replacements, Ltd.*, 2013 WL 4478645, at *5 (W.D. Wash. 2013) ("This court presides over more than 200 civil cases, to say nothing of . . . [its] criminal docket. It is difficult to ignore other cases in favor of any single case.").

Accordingly,

**IT IS ORDERED** that Hinojos' IFP application (Doc. 2) is **denied as moot**.

**IT IS FURTHER ORDERED** that Hinojos shall appear in person on **September 3, 2025, at 11:00 AM,** in Courtroom 502, 401 West Washington Street, Phoenix, AZ 85003 before Judge Sharad H. Desai, and show cause why this action should not be dismissed under 28 U.S.C. § 1915(e)(2)(A) for an untrue allegation of poverty. Hinojos should be

prepared to address the concerns raised by the Court in this Order concerning Hinojos' IFP application.

**IT IS FURTHER ORDERED** that Hinojos' motion for entry of default (Doc. 14) is **denied**.

**IT IS FURTHER ORDERED** that Hinojos' motion for judicial notice, (Doc. 15) is **denied**.

**IT IS FURTHER ORDERED** that Hinojos' Emergency Supplemental Brief (Doc. 21) is **stricken**.

Dated this 12th day of August, 2025.

_____
Honorable Sharad H. Desai
United States District Judge